IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KHANYAE SADE KENDALL, | No. 4:24-CV-00819 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| SCI MUNCY MEDICAL DEPARTMENT, | |
| Defendant. | |

MEMORANDUM OPINION

JUNE 26, 2024

Plaintiff Khanyae Sade Kendall filed the instant *pro se* civil rights lawsuit against the medical department at the State Correctional Institution in Muncy, Pennsylvania (SCI Muncy). Her single Section 1983[1] claim alleges that she was provided deficient medical care while incarcerated at SCI Muncy. Because Kendall fails to state a claim upon which relief may be granted, the Court will dismiss her complaint pursuant to 28 U.S.C. § 1915A(b)(1).

I.  **STANDARDS OF REVIEW**

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2] One

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2] *See* 28 U.S.C. § 1915A(a).

basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[3] This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

---

[3] *Id.* § 1915A(b)(1).
[4] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[5] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[6] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[7] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[9] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Kendall proceeds *pro se*, her pleadings are to be liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13] This is particularly true when the *pro se* litigant, like Kendall, is incarcerated.[14]

---

[8] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[9] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[10] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[11] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[12] *Iqbal*, 556 U.S. at 681.
[13] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[14] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## II.   DISCUSSION

Kendall's complaint is succinct and uncomplicated.  She alleges that, while incarcerated at SCI Muncy, she was prescribed Soriatane[15] from August 2022 to October 2022 to treat her psoriasis.[16]  Then, in February 2023, she was informed by a physician at SCI Muncy that Soriatane carries a warning that, if she becomes pregnant within three years of taking this medication, it could result in birth defects.[17]  The physician thus advised that, if Kendall were to be released from prison before October 2025, she needed to use at least two forms of birth control.[18]

Kendall asserts that she should have been warned about the potential side effects of Soriatane before it was prescribed, and additionally alleges that "they"—presumably medical providers at SCI Muncy—were "medically negligent" and "violated [her] right to know."[19]  She sues one defendant, SCI Muncy Medical Department, and seeks monetary damages.

Upon review of Kendall's complaint, it is clear that she fails to state a claim upon which relief may be granted.  The Court will address Kendall's pleading deficiencies in turn.

---

[15]   Kendall spells this medication "Sorataine" in her complaint, but it is clear that she is referring to the prescription medication "Soriatane" (or acitretin) that is used to treat psoriasis.  *See* CLEVELAND CLINIC, *Acitretin capsules*, https://my.clevelandclinic.org/health/drugs/18305-acitretin-capsules (last visited June 25, 2024).
[16]   Doc. 1 at 3.
[17]   *Id.*
[18]   *Id.*
[19]   *Id.* at 3-4.

4

A.     **"Person" for Section 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person* acting under color of state law."[20] Only "persons" are subject to suit under Section 1983, and entities such as prisons, medical departments, or private medical companies generally do not qualify as "persons" for purposes of Section 1983.[21]

Under this well-settled law, any Section 1983 claim against SCI Muncy Medical Department must be dismissed, as this Defendant is not a person subject to Section 1983 liability.  Presumably, if permitted leave to amend, Kendall may seek to target her claim against a particular physician or other medical provider at SCI Muncy.  The Court will therefore explain why her allegations do not state a Section 1983 claim but instead sound in state tort law.

---

[20] *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (emphasis added) (citing *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)).

[21] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-65, 71 (1989); *Slagle v. County of Clarion*, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (affirming on other grounds and observing that district court properly "dismissed Clarion County Jail as a defendant in this case," quoting district court's reasoning that "'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'"); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 554 (M.D. Pa. 2007) (finding that PrimeCare is not a "person for purposes of Section 1983" and thus not subject to liability under that statute); *see also Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (holding that "New Jersey Prison Medical Department" was a state agency and not a "person" under Section 1983).

### B.  Eighth Amendment Medical Indifference

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[22]  To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly allege that "(1) he had a serious medical need, (2) the defendants were deliberately indifferent to that need; and (3) the deliberate indifference caused harm to the plaintiff."[23]  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[24]

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury.[25]  Deliberate indifference to serious medical needs is an exacting standard,

---

[22]  *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).
[23]  *Durham v. Kelley*, 82 F.4th 217, 229 (3d Cir. 2023) (citation omitted); *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).
[24]  *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).
[25]  *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).

requiring a showing of "unnecessary and wanton infliction of pain."[26]  Claims sounding in mere medical negligence will not suffice.[27]

Kendall's allegations do not implicate a constitutional violation.  She does not allege, for example, that she was denied necessary care or that medical care was delayed or refused for nonmedical reasons.  Rather, she claims that her medical providers were "negligent" by failing to provide appropriate warnings regarding the potential side effects of Soriatane before prescribing that medication to treat her psoriasis.  These allegations clearly sound in professional negligence (or medical malpractice); they do not implicate a Section 1983 claim of deliberate indifference to serious medical needs.[28]  Accordingly, Kendall's Section 1983 complaint must be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

### C.  Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[29]  Leave to amend will be denied as futile.[30]  Kendall's allegations do not, and cannot, state a claim of deliberate

---

[26] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).
[27] *Rouse*, 182 F.3d at 197.
[28] *See id.*
[29] *Grayson*, 293 F.3d at 114.
[30] *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." (citation omitted));

indifference to serious medical needs. She may, if desired, seek to file suit in state court against the allegedly negligent medical provider (or providers) based on her allegations of professional negligence.[31] Such a claim, however, does not appear to be raised in her Section 1983 complaint and even if it were, this Court would lack jurisdiction to entertain it without a related federal anchor claim (*i.e.*, the Section 1983 claim).

### III.   CONCLUSION

Based on the foregoing, the Court will dismiss with prejudice Kendall's Section 1983 complaint pursuant to 28 U.S.C. § 1915A(b)(1) because she fails to state a claim upon which relief may be granted. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

*Centifanti v. Nix*, 865 F.2d 1422, 1431 (3d Cir. 1989) ("[T]he district court may properly deny leave to amend where the amendment would not withstand a motion to dismiss.").

[31] The Court offers no opinion on the merits or potential viability of such a state-law claim.